T.C. Memo. 2004-69



UNITED STATES TAX COURT



JOE NATHAN WRIGHT and LOLA H. WRIGHT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 8200-02.                    Filed March 18, 2004.



     Ps submitted multiple offers in compromise with
respect to their reported but unpaid Federal income tax
liabilities for 1993 and 1994.  R did not accept any of
Ps' offers.  Ps requested abatement of interest under
sec. 6404(e), I.R.C., on the ground that R unreasonably
delayed the processing of their offers in compromise.
R rejected Ps' request for interest abatement.

     <u>Held</u>:  Ps have failed to establish that any delay
in their payment of their 1993 and 1994 tax liabilities
is attributable to any action or inaction on the part
of IRS personnel in processing Ps' offers in
compromise; therefore, interest is not abatable under
sec. 6404(e), I.R.C., and R did not abuse his
discretion in rejecting Ps' request for abatement.

Joe Nathan Wright and Lola H. Wright, pro sese.

Alvin A. Ohm, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, Judge:  This case is before the Court for review of respondent's failure to abate interest.  Unless otherwise noted, all section references are to the Internal Revenue Code of 1986, as amended.

FINDINGS OF FACT

Some facts are stipulated and are so found.  The stipulation of facts, with accompanying exhibits, is incorporated herein by this reference.  At the time they filed the petition, petitioners resided in Richardson, Texas.

Petitioners' 1993 and 1994 Federal Income Tax Returns

Petitioners timely filed Federal income tax returns for their 1993 and 1994 taxable (calendar) years (the 1993 return and the 1994 return, respectively).  On the 1993 return, petitioners reported tax of $66,451 and prior payments of $2,000.  Petitioners made an additional $2,000 payment when they filed the 1993 return.  On the 1994 return, petitioners reported tax of $60,325 and prior payments of $2,000.  Petitioners made an additional $1,000 payment when they filed the 1994 return.

Petitioners' Offers in Compromise

On or before September 18, 1995, respondent received an offer in compromise from petitioners dated August 30, 1995,

regarding their 1993 and 1994 tax liabilities. By that time, petitioners had made additional payments of $20,000 in respect of their 1993 tax liability and $500 in respect of their 1994 tax liability. Respondent rejected petitioners' initial offer in compromise in March 1996. During the period from March 1996 to October 1998, petitioners submitted several additional and revised offers in compromise, none of which respondent accepted.[1] During that same period, petitioners made aggregate payments of $4,500 in respect of their 1993 tax liability and received an additional $1,476 credit with respect thereto.

Petitioners' Requests for Abatement

In a letter addressed to Revenue Officer Melvin Chappell dated September 13, 1997, petitioners requested abatement of additions to tax asserted by respondent with respect to their 1993 and 1994 taxable years.

On October 8, 1998, petitioners filed separate Forms 843, Claim for Refund and Request for Abatement, with respect to their 1993 and 1994 taxable years. On the Forms 843, petitioners requested abatement of both interest and additions to tax. In a letter submitted with the Forms 843, petitioners claimed that such interest and additions to tax resulted from unreasonable

---

[1] Petitioners maintain that they submitted a total of five offers in compromise. Respondent maintains that petitioners submitted three offers in compromise and two revised or amended offers. For the sake of clarity, we treat petitioners' submissions as five separate offers in compromise.

delays on the part of the Internal Revenue Service (IRS) in processing their offers in compromise.[2] By a notice of final determination dated October 31, 2001, respondent rejected in full petitioners' 1998 requests for abatement.

Filings and Proceedings in This Court

Petitioners timely petitioned this Court for review of respondent's failure to abate interest. In the petition, petitioners also requested the Court to review respondent's failure to abate additions to tax. By order dated August 15, 2002, the Court granted respondent's motion to dismiss for lack of jurisdiction and to strike insofar as the petition relates to respondent's failure to abate additions to tax. The Court conducted a trial with respect to the interest abatement issue at its trial session in Dallas, Texas, on February 25, 2003.

OPINION

I. Law

A. Section 6404

As applicable to the years for which petitioners seek relief, section 6404(e)(1) provided as follows:[3]

---

[2] Petitioners also complained of erroneous advice provided by the Internal Revenue Service that resulted in an increased tax liability for their 1993 taxable year. At trial, petitioners did not rely on that allegation as a ground for interest abatement.

[3] Congress amended sec. 6404(e)(1) in 1996 to apply to "unreasonable" errors and delays and to "managerial" as well as ministerial acts. Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 301(a), 110 Stat. 1457 (1996). Those amendments apply to
(continued...)

SEC. 6404(e).  Assessments of Interest Attributable to Errors and Delays by Internal Revenue Service.--

(1) <u>In general</u>.--In the case of any assessment of interest on--

(A) any deficiency attributable in whole or in part to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act, or

(B) any payment of any tax described in section 6212(a) to the extent that any error or delay in such payment is attributable to such officer or employee being erroneous or dilatory in performing a ministerial act,

the Secretary may abate the assessment of all or any part of such interest for any period.  For purposes of the preceding sentence, an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and after the Internal Revenue Service has contacted the taxpayer in writing with respect to such deficiency or payment.

Section 6404(h) authorizes this Court to determine whether the Secretary's failure to abate interest under section 6404(e)(1) was an abuse of discretion and, if the Court so determines, to order an abatement.  "In order to prevail, the taxpayer must demonstrate that in not abating interest the Secretary exercised

---

³(...continued) interest accruing with respect to deficiencies and payments for tax years beginning after July 30, 1996.  <u>Id.</u> sec. 301(c). Hereafter, all references to sec. 6404(e)(1) will be to that section prior to its amendment by the Taxpayer Bill of Rights 2.

his discretion arbitrarily, capriciously, or without sound basis in fact or law." <u>Lee v. Commissioner</u>, 113 T.C. 145, 149 (1999).

    B.   <u>Application to This Case</u>

As noted above, petitioners reported the tax amounts that are generating the interest at issue. Accordingly, there are no deficiencies involved in this case, see sec. 6211(a), and petitioners can seek interest abatement only pursuant to section 6404(e)(1)(B). Respondent is authorized to abate interest under section 6404(e)(1)(B) in this case only to the extent any delay in petitioners' payment of their 1993 and 1994 tax liabilities is attributable to the erroneous or dilatory performance of a ministerial act by an officer or employee of the IRS.

## II.   <u>Petitioners' Allegations</u>

At trial, petitioners identified numerous instances of what they allege to be erroneous or dilatory performance of ministerial acts by IRS employees during the processing of their offers in compromise and requests for abatement. Specifically, petitioners allege that various IRS personnel: (1) Failed to notify petitioners of the rejection of their second offer in compromise, (2) ignored petitioners' request for a report listing the factors underlying the rejection of their third offer in compromise, (3) temporarily refused to grant petitioners a requested Appeals conference following the rejection of their third offer in compromise, (4) directed petitioners to submit

their fourth offer in compromise by facsimile letter, only to inform them several months later that such offer was not in proper form and therefore could not be considered, (5) took 6 months to deliver copies of requested transcripts of account, (6) failed to provide petitioners a copy of their "master file", as requested in their fourth offer in compromise, (7) did not accept petitioners' proposal for an installment agreement, which called for a monthly payment based on petitioners' excess monthly income, as previously determined by IRS personnel, (8) failed to respond to petitioners' 1997 letter requesting abatement of additions to tax, (9) failed to grant petitioners a requested Appeals conference following the rejection of their fifth offer in compromise, and (10) ignored petitioners' requests for copies of their transcripts of account and an Appeals conference following the rejection of their 1998 request for abatement of interest and additions to tax.

III.  Analysis

A.  Allegations 8-10

We begin with petitioners' allegations numbered 8, 9, and 10 above.  Petitioners did not raise any of those allegations in their request for interest abatement; indeed, allegations 9 and 10 involve acts and omissions that could not have predated petitioners' filing of that request.  Furthermore, the record is devoid of any evidence that petitioners subsequently advised

respondent, during his consideration of their request, that they were relying on allegations 8, 9, and 10 as additional grounds for relief. As we are charged with determining whether respondent abused his discretion in denying petitioners' request for interest abatement, allegations petitioners failed to bring to respondent's attention during that consideration process generally cannot be relevant to our inquiry. See Stewart v. Commissioner, T.C. Memo. 2003-106 n.5; cf. Magana v. Commissioner, 118 T.C. 488, 493 (2002) ("it would be anomalous and improper for us to conclude that respondent's Appeals Office abused its discretion under section 6330(c)(3) [collection due process determination] in failing to grant relief, or in failing to consider arguments, issues, or other matter not raised by taxpayers or not otherwise brought to the attention of respondent's Appeals Office"). Accordingly, we need not further evaluate those allegations.

B. Allegations 1-7

Accepting arguendo the veracity of the allegations numbered 1-7 above and that such allegations involve "ministerial acts" for purposes of section 6404(e), we conclude that petitioners have failed to demonstrate that respondent abused his discretion in refusing to abate interest with respect to petitioners' 1993 and 1994 tax liabilities. We reach that conclusion primarily because petitioners have failed to establish that they were

delayed in making any payment of those tax liabilities on account of an act or omission of IRS personnel.  With respect to interest occasioned by a late payment of tax, the essence of section 6404(e)(1)(B) is that the Secretary may abate that interest if, but for some act or omission of IRS personnel in performing a ministerial act, such payment probably would have been made sooner.  If, notwithstanding that act or omission, no earlier payment would have been made, then no abatement is called for. We have applied that principle by upholding the Secretary's discretion not to abate interest where the taxpayer failed to establish that he had the financial resources to satisfy the tax liability when the claimed error occurred.  See Harbaugh v. Commissioner, T.C. Memo. 2003-316; Spurgin v. Commissioner, T.C. Memo. 2001-290; Hawksley v. Commissioner, T.C. Memo. 2000-354.

Certainly, petitioners cannot claim that the IRS caused any delay in the payments contemplated in their various offers; petitioners could have commenced those payments at any time.[4] Regarding the balance of their 1993 and 1994 tax liabilities, petitioners have made no showing that they would have (or could have) paid those amounts sooner if respondent had rejected their offers sooner.  Among petitioners' proposed findings of fact are proposed findings that they had net assets of about $20,000

---

[4]  As noted earlier, petitioners indeed made a series of nine $500 payments in 1998 prior to submitting their final offer in compromise.

(including only $5,000 in cash) on each of March 18 and July 19, 1996, and $8,600 (including only $2,100 in cash) on October 8, 1998.  Apparently, petitioners did not even have enough cash to pay the amounts they had offered in compromise.  Indeed, there is no evidence that petitioners ever paid the balances of their 1993 and 1994 tax liabilities.  Petitioners have obviously delayed paying their 1993 and 1994 tax liabilities in full, but the fault lies with them, not with respondent.

IV.  Conclusion

Because the interest at issue is not abatable under section 6404(e), respondent necessarily did not abuse his discretion in rejecting petitioners' request for abatement thereof.

To reflect the foregoing,

Decision will be entered

for respondent.