T.C. Memo. 2007-194

UNITED STATES TAX COURT

RAGNHILD ANNE WESTBY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15093-06L.                    Filed July 19, 2007.

Ragnhild Anne Westby, pro se.

<u>John C. Schmittdiel</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  In this collection case respondent has moved
for summary judgment on the grounds that no timely raised issue
of fact remains, that petitioner should not be allowed now to
raise a new issue of fact, and that respondent should be entitled
to judgment as a matter of law.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Respondent determined against petitioner tax deficiencies for 1988 and 1989 in the respective amounts of $59,032 and $72,150. The tax deficiencies related to petitioner's income and expenses from her solo law practice.

In 1996, as a resident of Minnesota, petitioner timely filed a petition in this Court disputing the above tax deficiencies that respondent had determined in petitioner's Federal income taxes for 1988 and 1989. Westby v. Commissioner, T.C. Memo. 2004-179.

On December 7, 2004, after a trial and opinion, a decision was entered in the above Tax Court case reflecting major downward adjustments in the tax deficiencies determined against petitioner by respondent; namely, the Court redetermined tax deficiencies in petitioner's Federal income taxes for 1988 and 1989 of $4,250 and $2,635, respectively.

On April 8, 2005, respondent assessed the above-redetermined and adjusted Federal income tax deficiencies against petitioner.

On December 15, 2005, respondent mailed to petitioner a notice of tax lien filing relating to the above assessed tax deficiencies.

On February 6, 2006, respondent mailed to petitioner a notice of intent to levy on petitioner's property to collect the above-assessed tax deficiencies.

On March 8, 2006, petitioner filed late a request for an Appeals Office hearing regarding respondent's December 15, 2005, notice of tax lien filing, and on March 8, 2006, petitioner timely filed a request for an Appeals Office hearing regarding respondent's notice of intent to levy.

Pursuant to petitioner's request for an Appeals Office collection hearing with regard to both the notice of tax lien filing and the notice of intent to levy, respondent offered to conduct with petitioner a consolidated collection hearing via either a face-to-face meeting or a telephone call.

Petitioner, however, did not respond to the invitation for a face-to-face meeting or for a telephone call, and respondent's Appeals officer concluded the collection hearing. Based on his review of the administrative file, respondent's Appeals officer reached his conclusion regarding the notice of tax lien filing and the notice of intent to levy.

With regard to the notice of tax lien filing, respondent's Appeals officer treated his review of the administrative file and

of petitioner's hearing request as an equivalent hearing. With regard to the notice of intent to levy, respondent's Appeals officer treated the hearing as a section 6330 collection hearing.

On July 6, 2006, respondent's Appeals Office mailed to petitioner an adverse decision letter relating to the notice of tax lien filing and an adverse notice of determination relating to the notice of intent to levy.

During the above Appeals Office collection hearing petitioner raised a number of issues, primarily a challenge to the underlying tax deficiencies that had been redetermined by this Court. Petitioner complained about the statutory interest that had accrued during the long period of time from the filing in August 1992 of petitioner's 1988 and 1989 Federal income tax returns to the entry in 2004 of the above Tax Court decision, and petitioner made a vague claim to her entitlement to a credit for payments made by her former husband on his Federal income taxes for 1988 and 1989.

In her petition herein, petitioner challenges only the correctness of the underlying Federal income tax deficiencies redetermined by this Court relating to petitioner's Federal income tax liabilities for 1988 and 1989. In her petition, petitioner made no claim for interest abatement.

Petitioner's petition states only as follows with regard to the basis for her objection to respondent's proposed collection activity:

> The determination of the deficiency is premised upon an Order which has yet to be issued by the United States Tax Court and to the best of Petitioner's knowledge, rests with the computation unit. The Respondent's proposed computations exceed the scope of the Court's Order regarding Petitioner's liability, if any. Moreover, the proceeding to make a determination as levy either wages or to lien real property is already pending, as to the initial determination for the same tax years. Finally, the computation and Order will impact other tax liabilities which are the subject of other pending tax liens.

Not until March 8, 2007, in the Court hearing that was held herein, did petitioner in this case raise any specific issue as to her entitlement to interest abatement under section 6404(e).

Respondent moves for summary judgment on all issues.

## Discussion

Summary judgment may be appropriate where there remains no genuine issue of fact and where the moving party is entitled to judgment as a matter of law. Beery v. Commissioner, 122 T.C. 184, 187 (2004). Further, a party may not avoid summary judgment by mere allegations of fact. Rather, by affidavit and documents, the opposing party has a duty to "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Under section 6330(c)(2)(B) and (c)(4), petitioner in this collection case is precluded from challenging the underlying tax deficiencies redetermined by the Court relating to petitioner's Federal income taxes for 1988 and 1989. Having already

challenged those tax deficiencies in a prior Tax Court case, petitioner cannot now do so in this proceeding. See Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Because petitioner did not file her request for an Appeals Office hearing regarding respondent's December 15, 2005, notice of tax lien filing until March 8, 2006, and because respondent properly conducted not a section 6330 collection hearing, but rather an equivalent hearing and issued to petitioner an adverse decision letter, no appeal to this Court lies with regard thereto. Rule 330; Kennedy v. Commissioner, 116 T.C. 255, 261-62 (2001); sec. 301.6320-1(i)(1), Q&A-I5, Proced. & Admin. Regs.

Petitioner's failure in her petition to raise specifically interest abatement and her failure to claim a credit against her Federal income taxes for payments made to respondent by petitioner's former husband constitute petitioner's abandonment or concession thereof. Rule 331(b)(4); Lunsford v. Commissioner, 117 T.C. 183, 185-86 (2001).

Further, and alternatively, with regard to any claim for interest abatement, petitioner is silent as to what action of respondent would support interest abatement (i.e., petitioner has failed to allege any error or delay that occurred in this case as

a result of respondent's performance of a ministerial act relating to petitioner).  See sec. 6404(e)(1)(A).[1]

Rule 331(b)(4) applies.  Therein, it is provided that any issue not raised in a taxpayer's petition is to be deemed conceded.  Because petitioner did not raise interest abatement in her petition, petitioner may not now do so.  See Poindexter v. Commissioner, 122 T.C. 280, 285-286 (2004), affd. 132 Fed. Appx. 919 (2d Cir. 2005).[2]

The record herein fully supports respondent's summary judgment motion against petitioner, and respondent's motion will be granted.

An appropriate order and

decision will be entered.

---

[1]  In 1996, sec. 6404(e) was amended to permit abatement of interest with respect to "unreasonable" error or delay caused by ministerial and "managerial" acts of respondent's employees. Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 301(a), 110 Stat. 1457 (1996).  This amendment is applicable only for tax years beginning after July 30, 1996.

[2]By discussing briefly interest abatement, we in no way intend to treat petitioner as having made a formal claim for interest abatement under sec. 6404.