

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-12-2007

# USA v. Roudakov

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4446

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Roudakov" (2007). *2007 Decisions.* Paper 450.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/450

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4446

UNITED STATES OF AMERICA

v.

VLADIMIR ROUDAKOV,

Appellant.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 03-cr-00091)
District Judge:  Hon. R. Barclay Surrick

Submitted under Third Circuit LAR 34.1(a)
on July 13, 2007

Before: SLOVITER, ALDISERT and ROTH, <u>Circuit Judges</u>

(Opinion filed  September 12, 2007)

O P I N I O N

**ROTH**, <u>Circuit Judge</u>:

This is an appeal from the judgment of sentence imposed by the United States District Court for the Eastern District of Pennsylvania against Vladimir Roudakov. For the reasons stated below, we will affirm the order of the District Court.

## I.  BACKGROUND

Roudakov operated a wholesale business selling computers, under the name of Payless Computer Source. During 1996 and 1997, he engaged in tax fraud by cashing certain checks he received for the sale of computers and not reporting that income on his tax returns. On February 6, 2004, a federal grand jury returned an indictment charging Vladimir Roudakov with two counts of willfully filing federal income tax returns that were false as to a material matter, in violation of 26 U.S.C. § 7206(1). At trial, the government showed that in Roudakov's 1996 tax return, he reported gross sales of $336,391 and cost of goods sold at $299,559, yielding gross income of $36,832, and in his 1997 tax return, he reported gross sales of $435,820 and cost of goods sole of $396,135, resulting in gross income of $39,685. It was also shown that these tax returns omitted $541,504 in checks received from customers in 1996 and $34,050 in checks received from customers in 1997, all of which Roudakov cashed. On February 9, 2004, Roudakov was convicted by a jury on both counts.

At sentencing, the District Court had to determine tax loss for purposes of calculating the advisory guideline range, pursuant to U.S.S.G. § 2T1.1.[1] After recalculating the 1996 and 1997 tax returns with the omitted sales incorporated, the government concluded, and the District Court agreed, that the unpaid tax in 1996 was $208,417 and in 1997 was $11,407, yielding a total tax loss to the government in the amount of $219,824. By judgment issued on September 27, 2005, Roudakov was sentenced to 24 months imprisonment[2], 1 year supervised release, and ordered to pay a $5,000 fine and a $200 special assessment. This timely appeal followed.

## II. JURISDICTION & STANDARD OF REVIEW

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. 3742.

We exercise plenary review of an interpretation of the Sentencing Guidelines and review factual findings for clear error. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007).

---

[1] Although sentencing took place in 2005, Roudakov's offense ended when he filed his 1997 tax return in March 1998. Accordingly, the 1997 Sentencing Guidelines Manual was used to avoid *ex post facto* implications.

[2] The base offense level under U.S.S.G. § 2T1.1 is calculated based on tax loss and is determined by reference to the Tax Table in U.S.S.G. § 2T1.4. Based on the Tax Table, tax loss exceeding $200,000 corresponds to an offense level of 16. Because Roudakov had no criminal record and fell in criminal history category I, the guideline imprisonment range was determined to be 21 to 27 months.

## III. DISCUSSION

Roudakov claims the District Court erred in computing tax loss under U.S.S.G. § 2T1.1 because the tax loss calculation did not consider his unreported cost for the computers which were sold and resulted in the unreported sales. In particular, Roudakov asserts that the expenses reported on his tax returns related only to the sales actually reported on the returns and, therefore, the District Court should have approximated his unreported expenses underlying the unreported sales. Roudakov argues that in approximating his unreported expenses, the District Court should not have assumed a 100% profit margin on the unreported sales, but instead should have assumed a 10% profit margin.[3]

U.S.S.G. § 2T1.1 sets the advisory sentencing guideline range for tax evasion based on the "tax loss." The statute provides that "[i]f the offense involved filing a tax return in which gross income was underreported, the tax loss shall be treated as equal to 28% of the unreported gross income... unless a more accurate determination of the tax loss can be made." U.S.S.G. § 2T1.1 (c)(1)(A); *see* 26 C.F.R. § 1.61-3 (defining "gross income derived from business" as "total sales, less the cost of goods sold"). A sentencing court is permitted to make "a reasonable estimate based on the available facts" where the

---

[3] The total reported gross sales for both years was $772,211, and the total reported cost of goods sold for both years was $695,694, resulting in a 2-year profit margin of 9.91%. Roudakov argues that this profit margin should also be applied to the unreported gross sales.

exact amount of tax loss may be uncertain. Application Note 1 to U.S.S.G. § 2T1.1; *see also United States v. Gricco*, 277 F.3d 339, 356-57 (3d Cir. 2002).

The District Court's adoption of the government's tax loss calculation[4] was reasonable based on the available facts and lack of evidence that Roudakov incurred additional business expenses relating to the unreported computer sales. The District Court reached a logical conclusion when it found that there is no reason, in the absence of evidence, to assume that Roudakov did not endeavor to claim all of his deductible expenses, i.e., the cost for computers sold, in his 1996 and 1997 tax returns. Accordingly, we conclude that the District Court's adoption of the government's tax loss calculation was not clearly erroneous.

## IV. CONCLUSION

For the above reasons, we will **affirm** the District Court's judgment of sentence.

---

[4] The government calculated a higher tax loss than would be achieved simply by applying the presumptive 28% tax rate to the unreported sales. The presumptive rate would result in a tax loss of $161,155, which calls for offense level 15 and a sentencing range of 18-24 months. U.S.S.G. § 2T4.1. Defense counsel, however, failed to object on this ground below, and does not do so on appeal.