T.C. Memo. 2013-194

UNITED STATES TAX COURT

STEPHEN R. BLACKMAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22890-09L.                    Filed August 26, 2013.

Ronny Buni, for petitioner.

Mimi M. Wong and Michael J. De Matos, for respondent.

MEMORANDUM OPINION

FOLEY, Judge:  The issue for decision is whether respondent abused his

discretion in sustaining a notice of Federal tax lien (NFTL) relating to petitioner's

**[*2]** 2007 tax liability. The parties submitted this case fully stipulated pursuant to Rule 122.[1]

## Background

Petitioner, a management consultant, filed his 2007 Federal income tax return but failed to pay the full amount of his tax liability. On September 2, 2008, respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, relating to 2007. Respondent, on October 30, 2008, sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice), relating to 2007. Petitioner requested a hearing relating to the levy notice but did not request a hearing relating to the NFTL.

On February 23, 2009, respondent sent petitioner a letter scheduling a telephonic collection due process (CDP) hearing for March 18, 2009. In letters sent to respondent, and during the scheduled telephonic hearing, petitioner proposed an installment agreement and requested withdrawal of the NFTL. Petitioner asserted that withdrawal was appropriate because he had no current assets that could be secured by the lien and public disclosure of the NFTL could

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] cause him to "be fired and become permanently unemployable within * * * [his] industry." In addition, petitioner provided the Appeals officer with a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. On April 21, 2009, petitioner sent the Appeals officer an additional letter requesting withdrawal of the NFTL and a copy of his employer's "employee handbook." Petitioner asserted that the handbook "makes it clear that personal conduct away from work can impact employability if it has the potential to cast an adverse light on the business."

Petitioner did not request a hearing relating to the NFTL. On June 10, 2009, the Appeals officer faxed a letter to Internal Revenue Service (IRS) Technical Services requesting advice as to whether the NFTL should be withdrawn. In response, IRS Technical Services sent petitioner a letter advising him that the NFTL would not be withdrawn because it was "necessary to protect the government's interest". Thereafter, petitioner and respondent entered into an installment agreement relating to petitioner's 2006, 2007, and 2008 tax liabilities. In September 2009, respondent sent petitioner a notice of determination sustaining the NFTL and informing him that the installment agreement was granted as an alternative to the proposed levy. Petitioner, while residing in New York, timely filed his petition with the Court.

[*4]                                Discussion

The validity of petitioner's underlying tax liability is not at issue. Therefore, we review respondent's administrative determination for abuse of discretion. See Goza v. Commissioner, 114 T.C. 176, 182 (2000). Respondent determined that the NFTL "was necessary to protect the government's interest" and that withdrawal would not facilitate collection of the tax liability. See sec. 6323(j); secs. 301.6320-1(e)(3), Q&A-E6, 301.6323(j)-1, Proced. & Admin. Regs. Petitioner contends that respondent abused his discretion by not withdrawing the NFTL and failing to consider the impact of the NFTL on petitioner's employment.

Respondent entered into an installment agreement with petitioner but had the discretion to maintain the NFTL. See sec. 301.6323(j)-1(c), Proced. & Admin. Regs. ("If the Commissioner determines conditions for withdrawal are present, the Commissioner may (but is not required to) authorize the withdrawal."). The Appeals officer reviewed the information petitioner submitted, evaluated petitioner's contentions, verified that the requirements of applicable law and administrative procedure had been met, and balanced the need for the efficient collection of taxes with petitioner's concerns. See sec. 6330(c). In sum, respondent reasonably determined that it was appropriate to maintain the NFTL in order to allow collection of petitioner's tax liability in the event that he acquired

[*5] additional assets or defaulted on the installment agreement.  <u>See</u> sec. 6323(j);

secs. 301.6320-1(e)(3), Q&A-E6, 301.6323(j)-1, Proced. & Admin. Regs.

Respondent's decision not to withdraw the NFTL was not arbitrary or capricious.

<u>See</u> <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.