T.C. Memo. 2005-71

UNITED STATES TAX COURT

W. JAMES KUBON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1795-04L.              Filed April 4, 2005.

W. James Kubon, pro se.

<u>Gavin L. Greene</u>, for respondent.

MEMORANDUM OPINION

HAINES, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121 and to impose a penalty under section 6673.[1]

_____

    [1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

At the time of the filing of the petition, petitioner resided in San Jose, California.

On his 1999 tax return, petitioner reported zero income and requested a full refund of all taxes withheld. Petitioner attached to his tax return two pages of tax-protester boilerplate which asserted that no section of the Internal Revenue Code made him liable for income taxes. Petitioner's Form W-2, Wage and Tax Statement, reported that petitioner received wages of $163,908.87 from Web TV Networks, Inc., in 1999.

On July 12, 2002, respondent sent petitioner a notice of deficiency for 1999 to 560 Hobie Lane, San Jose, California 95127. Petitioner resided at this address from July 12, 2002 to January 30, 2004. Petitioner failed to petition the Court to review the notice of deficiency.

On April 7, 2003, respondent issued to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing. On April 14, 2003, petitioner mailed respondent a Form 12153, Request for a CDP Hearing, and attached a page of tax-protester arguments, which disputed the validity of and requested that the Appeals officer have at the hearing copies of documents pertaining to, among other things, the underlying tax liability, the assessment, the notice and demand for payment, and the

verification from the Secretary that the requirements of any applicable law or procedure had been met.

On September 12, 2003, respondent sent petitioner a letter to request that petitioner complete a Form 433A, Collection Information Statement for Individuals, to assist in considering collection alternatives. Petitioner did not complete and return the Form 433A to respondent.

On October 6, 2003, respondent sent petitioner a letter outlining respondent's policy at the time of not granting face-to-face hearings to individuals raising only frivolous arguments. A telephonic interview was offered and scheduled for November 5, 2003. On October 22, 2003, petitioner responded to the October 6, 2003, letter by stating: "to summarize your position you are NOT going to allow me to have a hearing that I can record and you will NOT permit me to bring up relevant issues that I covered in my CDP request". Petitioner refused to participate in a telephonic interview with respondent.

On December 31, 2003, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) with regard to 1999. The notice of determination stated:

> Appeals considered whether the collection action taken or proposed balances the need for the efficient collection of the taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. We find that enforced collection action is not more intrusive than necessary because the Automated

Collection System and Appeals attempted to solicit Mr. Kubon's cooperation in proposing an alternative to enforced collection actions. Mr. Kubon has not voluntarily filed income tax returns for 2000, 2001 or 2002. Mr. Kubon failed to provide any financial information, and did not propose an acceptable collection alternative. The Internal Revenue Service may proceed with enforced collection actions.

On January 30, 2004, petitioner filed with the Court a Petition for Lien or Levy Action Under Code Section 6320(c) or 6330(d), in which petitioner disputes the notice of determination because he was allegedly denied a section 6330 hearing.

On September 1, 2004, respondent filed a Motion for Summary Judgment and To Impose Penalty Under Section 6673, in which respondent moves for summary adjudication in respondent's favor in this case for all of the legal issues in controversy and requests that the Court impose a penalty pursuant to section 6673 because petitioner instituted these proceedings solely for the purpose of delay and advanced only frivolous arguments. Accompanying the motion for summary judgment, respondent filed a declaration of Settlement Officer Colleen Cahill (Ms. Cahill), which states that she reviewed petitioner's TXMODA transcript for 1999 as part of her verification that all legal and administrative requirements for levy had been met. Respondent attached to Ms. Cahill's declaration the TXMODA transcript that Ms. Cahill reviewed and the Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for

petitioner's 1999 tax year.  Petitioner filed an objection to the motion for summary judgment.

On September 7, 2004, petitioner filed with the Court a motion for remand, in which petitioner requested that we remand the case to the Appeals Office for a section 6330 hearing to be held.  Respondent filed a response to petitioner's motion for remand requesting that the Court deny petitioner's motion for remand because the failure to allow an audio recording at the scheduled section 6330 hearing was harmless error.

On November 3, 2004, we issued an Order granting petitioner's motion for remand and remanding the case to respondent's Appeals Office for the purpose of affording petitioner a section 6330 hearing that might be recorded by either or both parties pursuant to our holding in Keene v. Commissioner, 121 T.C. 8 (2003).  We also ordered the parties to file status reports with the Court on or before January 18, 2005, and ordered that respondent's motion for summary judgment be held in abeyance.  The Order also warned petitioner:

> As in Keene v. Commissioner, supra at 19, we admonish petitioner that if he persists in making frivolous and groundless tax-protester arguments in any further proceedings with respect to this case, rather than raising relevant issues, as specified in section 6330(c)(2), the Court will consider granting respondent's motion for summary judgment.  In such an instance, the Court would also be in a position to impose a penalty under section 6673(a)(1).

On December 30, 2004, respondent filed with the Court a status report, which stated that an Appeals officer had a face-

to-face meeting with petitioner on December 3, 2004, and petitioner continued to raise only frivolous arguments. Respondent reported that petitioner raised the following arguments: (1) Whether respondent had issued a valid notice of deficiency; (2) whether wages are taxable income; (3) whether respondent is required to show that the requirements of any applicable law or administrative procedure had been met; (4) whether respondent is required to provide documentation of delegation orders from the Secretary; (5) whether the underlying assessment is valid; and (6) whether petitioner received a valid notice and demand. The Court also filed petitioner's status report that confirmed that a section 6330 hearing was held on December 3, 2004. In the status report, petitioner argued that the hearing was not impartial, that petitioner's arguments are not frivolous, and that respondent has not addressed "apparent irregularities in the Irs' [sic] assessment procedures."

### Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine issue of material fact and a decision may be rendered as matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753,

754 (1988). We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion for summary judgment, and a decision may be rendered as a matter of law.

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to do so within 10 days after notice and demand, the Secretary can collect such tax by levy upon property belonging to such person. Pursuant to section 6331(d), the Secretary is required to give the taxpayer notice of his intent to levy and within that notice must describe the administrative review available to the taxpayer before proceeding with the levy. See also sec. 6330(a).

Section 6330(b) describes the administrative review process, providing that a taxpayer can request a hearing with the Appeals Office with regard to a levy notice. At the section 6330 hearing, the taxpayer may raise certain matters set forth in section 6330(c)(2), which include appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives. Further, a taxpayer may dispute the underlying tax liability for any tax period if the taxpayer did not receive a notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability. Sec. 6330(c)(2)(B).

Pursuant to section 6330(d)(1), within 30 days of the issuance of the notice of determination, the taxpayer may appeal that determination to this Court if we have jurisdiction over the underlying tax liability.  Van Es v. Commissioner, 115 T.C. 324, 328-329 (2000).

Although section 6330 does not prescribe the standard of review that the Court is to apply in reviewing the Commissioner's administrative determinations, we have stated that, where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo.  Where the validity of the underlying tax liability is not properly at issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181 (2000).

1.  Challenges to Underlying Tax Liability

Petitioner presents a challenge to the underlying tax liability with regard to the validity of the notice of deficiency.  Respondent provided a Form 3877, Certified Mailing List, which reports that respondent sent petitioner by certified mail a notice of deficiency for 1999 on July 12, 2002, to 560 Hobie Lane, San Jose, California 95127.  The parties stipulated that petitioner resided at this address from July 12, 2002 to January 30, 2004.  We conclude that petitioner received a notice

of deficiency at his last known address for 1999.  See sec.
6212(a) and (b).

Accordingly, because petitioner received a notice of
deficiency for 1999 and did not petition this Court for a
redetermination, petitioner is precluded from challenging his
underlying tax liability for 1999 in this collection action.
Sec. 6330(c)(2)(B).

2.  Wages Are Not Income

Petitioner argues that his wages are not taxable income.
His arguments are indistinguishable from those that have been
uniformly rejected, and no further discussion of them is
warranted.  See United States v. Connor, 898 F.2d 942, 943 (3d
Cir. 1990); Coleman v. Commissioner, 791 F.2d 68, 70 (7th Cir.
1986); Sauers v. Commissioner, 771 F.2d 64, 66 (3d Cir. 1985),
affg. T.C. Memo. 1984-367; Connor v. Commissioner, 770 F.2d 17,
20 (2d Cir. 1985); Biermann v. Commissioner, 769 F.2d 707, 708
(11th Cir. 1985); Waters v. Commissioner, 764 F.2d 1389, 1389
(11th Cir. 1985); Perkins v. Commissioner, 746 F.2d 1187, 1188
(6th Cir. 1984), affg. T.C. Memo. 1983-474; Knighten v.
Commissioner, 702 F.2d 59, 60 (5th Cir. 1983); Funk v.
Commissioner, 687 F.2d 264, 264 (8th Cir. 1982), affg. T.C. Memo.
1981-506.

## 3.  Verification of Assessment Procedure

We conclude that Ms. Cahill obtained verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1).  Ms. Cahill obtained and reviewed a TXMODA transcript of account for petitioner's 1999 taxable year before the scheduled hearing.

Federal tax assessments are formally recorded on a record of assessment.  Sec. 6203.  "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment."  Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement. Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Kaeckell v. Commissioner, T.C. Memo. 2002-114.  In this regard, the TXMODA transcript of account on which Ms. Cahill relied contained all of the information prescribed in section 301.6203-1, Proced. & Admin. Regs.  See Schroeder v. Commissioner, T.C. Memo. 2002-190; Weishan v. Commissioner, T.C. Memo. 2002-88, affd. 66 Fed. Appx. 113 (7th Cir. 2003); Lindsey v. Commissioner, T.C. Memo. 2002-87, affd. 56 Fed. Appx. 802 (9th Cir. 2003); Tolotti v. Commissioner, T.C.

Memo. 2002-86, affd. 70 Fed. Appx. 971 (9th Cir. 2003); Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51.

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the transcript of account relied on by Ms. Cahill. See Davis v. Commissioner, 115 T.C. 35, 41 (2000); Mann v. Commissioner, T.C. Memo. 2002-48. Accordingly, we conclude that there is no question that the Appeals officer satisfied the verification requirement of section 6330(c)(1).

4. Delegation Order

Petitioner's allegations regarding the authority of the individual issuing the notice of intent to levy are meritless. The Secretary or his delegate (including the Commissioner) may issue collection notices, and authority to issue notices regarding liens and to levy upon property has in turn been delegated to specified collection and compliance personnel. Secs. 6320(a), 6330(a), 7701(a)(11)(B) and 12(A)(i), 7803(a)(2); secs. 301.6320-1(a)(1), 301.6330-1(a)(1), Proced. & Admin. Regs.; Delegation Order No. 191 (Rev. 3, June 11, 2001); Delegation Order No. 196 (Rev. 4, Oct. 4, 2000); see also Craig v. Commissioner, 119 T.C. 252, 263 (2002); Everman v. Commissioner, T.C. Memo. 2003-137.

5.   <u>Receipt of Notice and Demand</u>

Petitioner also argues that respondent failed to send petitioner a statutory notice and demand for the unpaid tax.  As shown in the record of the case, a notice and demand was sent to petitioner.  The transcripts, i.e., TXMODA and Form 4340, report that the first notice and demand was sent on December 9, 2002.  The transcripts also report that another notice and demand was sent on February 24, 2003.  There is no question that respondent sent a notice and demand to petitioner; therefore, petitioner's argument must fail.

Petitioner makes no other arguments against the validity of the notice of determination.  In particular, petitioner fails to make a valid challenge to the appropriateness of respondent's intended collection action, raise a spousal defense, or offer alternative means of collection.  We conclude that respondent did not abuse his discretion in determining that collection should proceed and that respondent is entitled to judgment as a matter of law.

6.   <u>Section 6673 Penalty</u>

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court that the taxpayer's position in the proceeding is frivolous or groundless.  Sec. 6673(a)(1)(B).

The parties stipulated that petitioner has been provided with a copy of an IRS Notice which outlines common frivolous arguments and has been advised by respondent that the Court may require a taxpayer to pay a penalty up to $25,000 pursuant to section 6673 if it appears to the Court that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position is frivolous or groundless.

In our November 3, 2004, Order, we gave petitioner the opportunity to present proper issues, as specified in section 6330(c)(2), during his section 6330 hearing.  We warned petitioner, however, that if he persisted in making frivolous and groundless arguments, with respect to this case, the Court would be in a position to impose a penalty under section 6673(a)(1). Petitioner ignored the Court's warning and simply pursued his arguments, which the Court has held to be frivolous, groundless, and meritless in numerous cases.  Under the circumstances, we shall grant respondent's motion and impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $10,000.

We have considered all of petitioner's contentions, arguments, and requests that are not discussed herein, and we conclude that they are without merit or irrelevant.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.