T.C. Memo. 2011-41

UNITED STATES TAX COURT

W. JAMES KUBON AND VALLY KUBON, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18866-09L.                    Filed February 14, 2011.

W. James Kubon and Vally Kubon, pro sese.

<u>John D. Feldhammer</u>, for respondent.


MEMORANDUM OPINION

HAINES, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121 and respondent's motion for sanctions pursuant to section 6673.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule
(continued...)

The parties' controversy poses the following issues for our consideration: (1) Whether petitioners received a notice of deficiency for 2004; (2) whether respondent's determinations for 2004 were an abuse of discretion; and (3) whether petitioners are liable for the penalty under section 6673.

Background

At the time of the filing of the petition, petitioners resided in San Jose, California.

On their 2004 tax return petitioners reported zero income and requested a full refund of all taxes withheld for 2004. On January 18, 2008, respondent sent petitioners a notice of deficiency for 2004 to 560 Hobie Lane, San Jose, California 95127-3531 (560 Hobie Lane).[2] Petitioners used this address on their petition and on all subsequent motions and responses filed with the Court. Petitioners failed to petition the Court to redetermine the deficiency.

In his notice of deficiency respondent determined petitioners' taxable income and tax liability for 2004 to be $122,532 and $32,196, respectively. In the absence of adequate records the examiner determined those amounts by reference to any

[1](...continued)
references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent actually issued two notices of deficiency, one copy addressed to James and Vally Kubon and the other addressed only to Vally Kubon. For purposes of this opinion, we refer to the notices as a single notice of deficiency.

relevant Forms W-2, Wage and Tax Statement, bank deposits, cash payments, and personal and other nondeductible expenditures.

On June 25, 2008, respondent issued petitioners a Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of levy). On July 8, 2008, respondent issued petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (notice of lien). In response, petitioners timely mailed respondent two Forms 12153, Request for a Collection Due Process or Equivalent Hearing, one in response to the notice of levy and the other in response to the notice of lien. Petitioners attached a page of arguments to each response, which: (1) Disputed the validity of the notice; (2) questioned whether the Internal Revenue Service (IRS) followed all proper procedures as required by law; (3) claimed that petitioners are not liable for the assessed tax because they never had a chance to challenge the assessment; and (4) raised collection alternatives if the liability was determined to be proper. Further, petitioners argued that it was not their intention to discuss any issues determined to be frivolous, stating: "[I]f you have considered issues that * * * [we've] raised in the past to be frivolous, * * * [we] hereby abandon them."

On April 22, 2009, respondent sent petitioners a request to complete Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, to assist in considering

collection alternatives.  Petitioners did not complete and return Form 433-A.

Petitioners were next sent an appointment letter for a telephone hearing scheduled for June 2, 2009.  On June 3, 2009, the day after the hearing was scheduled to take place, petitioners faxed respondent a letter stating that they would not participate in a telephone hearing and demanding a face-to-face hearing.  On June 4, 2009, a letter was sent to petitioners outlining the IRS' policies for a face-to-face hearing and explaining why petitioners did not qualify.  Petitioners were given the opportunity to provide the information necessary to qualify for a face-to-face hearing; however, they were informed that if no such documentation was received by June 29, 2009, a determination would be made based on the information available. Petitioners did not provide any additional information. Accordingly, on July 10, 2009, respondent issued petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 with regard to 2004.

On October 14, 2009, respondent moved to remand the case to respondent's Appeals Office for further consideration because it was unclear how respondent determined that the notice of deficiency had been mailed to petitioners.  On October 19, 2009, respondent's motion for remand was granted, and the case was remanded to Appeals for further consideration.

On remand, Appeals used the U.S. Postal Service track and confirm service to verify that the notice of deficiency was mailed to petitioners on January 18, 2008, and delivered to petitioners' home on January 22, 2008. On December 7, 2009, Appeals offered petitioners a supplemental face-to-face hearing and scheduled the hearing for January 14, 2010. On January 12, 2010, petitioners sent respondent a letter stating that a hearing was not necessary because the IRS had failed to provide proof that the notice of deficiency was properly created.

As a result of petitioners' failure to accept respondent's invitation for a face-to-face hearing, on February 3, 2010, respondent issued petitioners a Supplemental Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (supplemental notice of determination) that verified that the proper procedures had been followed in issuing the notice of deficiency. The supplemental notice of determination stated:

> Internal transcripts show a legal assessment was made, notice and demand given, and that there was a subsequent failure and/or refusal to pay. Both the filing of the Notice of Federal Tax Lien and the issuance of the Notice of Intent to Levy were legally and procedurally correct. Thus the actions of compliance balance the need for efficient collection action with your concern that any collection action be no more intrusive than necessary.

On July 29, 2010, respondent filed a motion for summary judgment and a motion to permit levy. Respondent's motion for summary judgment seeks summary adjudication in respondent's favor

for all of the legal issues in controversy. Respondent's motion to permit levy seeks removal of the suspension of the levy under section 6330(e), alleging that the underlying tax liability is not at issue and good cause exists for the removal. Along with respondent's motion for summary judgment and motion to permit levy, respondent filed a declaration of Settlement Officer Raymundo Jacquez, Jr. (Mr. Jacquez), which states that he reviewed petitioners' TXMOD-A transcript and INOLE-S transcript for 2004, each dated November 19, 2009, as part of his verification that all legal and administrative requirements for the levy had been met and that petitioners have not filed anything with the IRS with an address other than 560 Hobie Lane since 1990.

On October 18, 2010, the Court filed respondent's supplement to respondent's motion for summary judgment. This supplement adds a copy of the certified mail list to respondent's motion for summary judgment, stating that the notice of deficiency was sent by certified mail to petitioners at 560 Hobie Lane on January 18, 2008. Finally, on October 18, 2010, respondent filed a motion for sanctions requesting that the Court impose a penalty pursuant to section 6673 because petitioners instituted these proceedings solely for the purpose of delay and advanced only frivolous arguments.

On September 7, 2010, the Court filed petitioners' objection to respondent's motion to permit levy. On October 13, 2010, the Court filed petitioners' motion to remand. Finally, on October 18, 2010, the Court filed petitioners' objection to respondent's motion for summary judgment.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine issue of material fact and a decision may be rendered as matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion for summary judgment and a decision may be rendered as a matter of law.

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to do so within 10 days after notice and demand, the Secretary can collect such tax by levy upon property belonging to such person. Pursuant to section 6331(d), the Secretary is required to give the taxpayer notice of his intent to levy and within that notice must describe the

administrative review available to the taxpayer before proceeding with the levy.  See also sec. 6330(a).

Section 6330(b) describes the administrative review process, providing that a taxpayer can request a hearing with the Appeals Office with regard to a levy notice.  At the section 6330 hearing the taxpayer may raise certain matters set forth in section 6330(c)(2), including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives.  Further, a taxpayer may dispute the underlying tax liability for any tax period if the taxpayer did not receive a notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability. Sec. 6330(c)(2)(B).

Pursuant to section 6330(d)(1), within 30 days of the issuance of the notice of determination, the taxpayer may appeal that determination to this Court.  Although section 6330 does not prescribe the standard of review that the Court is to apply in reviewing the Commissioner's administrative determinations, we have stated that, where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Where the validity of the underlying tax liability is not properly at issue, however, the Court will review the Commissioner's administrative

determination for abuse of discretion.  <u>Sego v. Commissioner</u>, <u>supra</u> at 610; <u>Goza v. Commissioner</u>, <u>supra</u> at 182.

<u>Challenge to Validity of Notice of Deficiency</u>

Petitioners present a challenge to the validity of the notice of deficiency.  On remand, Mr. Jacquez used the U.S. Postal Service track and confirm service to verify that the notice of deficiency was mailed to petitioners at their home at 560 Hobie Lane on January 18, 2008, and was delivered on January 22, 2008.  Petitioners' INOLE-S transcript for 2004, dated November 19, 2009, shows that petitioners have not filed anything with the IRS with an address other than 560 Hobie Lane since the year 1990.  Further, petitioners used the 560 Hobie Lane address on their petition and all subsequent motions and responses filed with the Court.  Finally, respondent's supplement to his motion for summary judgment provides a certified mail list confirming that the notice of deficiency was sent by certified mail to petitioners at 560 Hobie Lane on January 18, 2008.  Accordingly, we conclude that petitioners received a notice of deficiency at their last known address for 2004.  See sec. 6212(a) and (b).

Because petitioners received a notice of deficiency for 2004, and did not file a petition for redetermination within 90 days, petitioners are precluded from challenging their underlying tax liability for 2004 in this collection action and the validity

of the underlying liability is not properly at issue.[3]  See sec. 6330(c)(2)(B).

Verification of Assessment Procedure

Federal tax assessments are formally recorded on a record of assessment.  Sec. 6203.  "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment."  Sec. 301.6203-1, Proced. & Admin. Regs.  Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement.  Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Kaeckell v. Commissioner, T.C. Memo. 2002-114.

We conclude that Mr. Jacquez obtained verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section

---

[3]Even if petitioners were entitled to challenge their underlying tax liability, their only argument is that their wages do not constitute taxable income.  Their arguments are indistinguishable from those that have been uniformly rejected, and no further discussion of them is warranted.  See United States v. Connor, 898 F.2d 942, 943 (3d Cir. 1990); Coleman v. Commissioner, 791 F.2d 68, 70 (7th Cir. 1986); Sauers v. Commissioner, 771 F.2d 64, 66 (3d Cir. 1985), affg. T.C. Memo. 1984-367; Connor v. Commissioner, 770 F.2d 17, 20 (2d Cir. 1985); Biermann v. Commissioner, 769 F.2d 707, 708 (11th Cir. 1985); Waters v. Commissioner, 764 F.2d 1389, 1389 (11th Cir. 1985); Perkins v. Commissioner, 746 F.2d 1187, 1188 (6th Cir. 1984), affg. T.C. Memo. 1983-474; Knighten v. Commissioner, 702 F.2d 59, 60 (5th Cir. 1983); Funk v. Commissioner, 687 F.2d 264, 265 (8th Cir. 1982), affg. T.C. Memo. 1981-506.

- 11 -

6330(c)(1). Mr. Jacquez obtained and reviewed a TXMOD-A transcript of account for petitioners' 2004 taxable year before the scheduled hearing. In this regard, the TXMOD-A transcript of account on which Mr. Jacquez relied contained all of the information prescribed in section 301.6203-1, Proced. & Admin. Regs. See Hack v. Commissioner, T.C. Memo. 2002-243 ("The use of computer-generated transcripts of account is a valid verification that the requirements of any applicable law or administrative procedure have been met."); Schroeder v. Commissioner, T.C. Memo. 2002-190 (provides a description of such transcripts); Hauck v. Commissioner, T.C. Memo 2002-184 ("We have repeatedly held that the Commissioner may rely on transcripts of account to satisfy the verification requirement of section 6330(c)(1)."), affd. 64 Fed. Appx. 492 (6th Cir. 2003).

Petitioners have not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the transcript of account relied on by Mr. Jacquez. See Davis v. Commissioner, 115 T.C. 35, 41 (2000); Mann v. Commissioner, T.C. Memo. 2002-48. Accordingly, we conclude that there is no question that the Appeals officer satisfied the verification requirement of section 6330(c)(1).

Petitioners make no other arguments against the validity of the notice of determination. In particular, petitioners fail to

make a valid challenge to the appropriateness of respondent's intended collection action, raise a spousal defense, or offer alternative means of collection. We conclude that respondent did not abuse his discretion.

Section 6673 Penalty

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court that the taxpayer's position in the proceeding is frivolous or groundless. Sec. 6673(a)(1)(B). The section 6673 penalty applies to proceedings filed under section 6330(d). See Pierson v. Commissioner, 115 T.C. 576, 581 (2000).

It is within our discretion whether to impose the section 6673 penalty. We have often imposed the penalty in cases where, for example, taxpayers have presented arguments in administrative and judicial proceedings despite being warned those arguments were frivolous. See Burke v. Commissioner, 124 T.C. 189, 197 (2005); Rodriquez v. Commissioner, T.C. Memo. 2009-92; Ioane v. Commissioner, T.C. Memo. 2009-68 ($10,000 penalty imposed where taxpayer was warned months before trial that his frivolous arguments, lack of candor, and failure to cooperate in the stipulation process could result in imposition of the section 6673 penalty). But see Lizalek v. Commissioner, T.C. Memo. 2009-122 (declining to impose the section 6673 penalty where the

taxpayer raised frivolous arguments for the first time in Federal court).

In their August 15, 2008, Forms 12153, petitioners argued that it is not their intention to discuss any issues determined to be frivolous, stating: "[I]f you have considered issues that * * * [we've] raised in the past to be frivolous, * * * [we] hereby abandon them." Nonetheless, petitioners' dealings with Appeals were characterized by a lack of cooperation and continued frivolous and groundless assertions. Petitioners have consistently refused to participate in collection due process hearings. In fact, in their letter dated January 12, 2010, petitioners declined Appeals' invitation to a face-to-face hearing, stating without any support that a hearing was not necessary because the IRS had failed to provide proof that the notice of deficiency was properly created. Further, in 2005 petitioner W. James Kubon was penalized $10,000 pursuant to section 6673 for making nearly identical arguments. Kubon v. Commissioner, T.C. Memo. 2005-71. Accordingly, petitioners were aware that by continuing to pursue these arguments, they subjected themselves to the possibility of a penalty pursuant to section 6673.

Petitioners' continuous insistence on presenting patently frivolous arguments wastes both respondent's and this Court's valuable time and resources. Under the circumstances, we shall

grant respondent's motion and impose a penalty pursuant to section 6673(a)(1) of $20,000.

We have considered all of petitioners' contentions, arguments, and requests that are not discussed herein, and we conclude that they are without merit or irrelevant.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.