**NOT FOR PUBLICATION**

JUL 05 2012

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| W. JAMES KUBON and VALLY KUBON, | No. 11-71592 |
| Petitioners - Appellants, | Tax Ct. No. 18866-09L |
| v. | MEMORANDUM[*] |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

W. James and Vally Kubon appeal pro se from the Tax Court's summary

judgment permitting the Commissioner of Internal Revenue ("Commissioner") to

proceed with an action to collect their federal income tax liability for tax year

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2004.  We have jurisdiction under 26 U.S.C. § 7482(a).  We review de novo. *Miller v. Comm'r*, 310 F.3d 640, 642 (9th Cir. 2002).  We affirm.

The Tax Court properly determined that the Kubons were precluded from challenging their tax liability for tax year 2004 because they received notices of the deficiency but failed to petition the tax court for a deficiency hearing.  *See* 26 U.S.C. § 6330(c)(2)(B) (permitting challenge to the underlying tax liability if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability").  Contrary to their contention on appeal, the Kubons did not raise a genuine dispute of material fact as to whether they did not receive the notices of deficiency because they did not submit any evidence contradicting the evidence of mailing submitted by the Commissioner.  *See Hagner v. United States*, 285 U.S. 427, 430 (1932) (a properly mailed letter carries with it a presumption of receipt).

The Kubons' remaining contentions, including that the Tax Court judge violated their due process rights, are unpersuasive.

We do not consider matters not distinctly argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

11-71592