T.C. Memo. 2020-97

UNITED STATES TAX COURT

DUY DUC NGUYEN, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6602-17L.                    Filed June 30, 2020.

Duy Duc Nguyen, pro se.

<u>Cameron W. Carr</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, <u>Judge</u>:  This case was commenced in response to a Notice of

Determination Concerning Collection Action(s) Under Section 6320 and/or 6330[1]

---

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code of 1986, as amended and in effect for the years in issue.  Rule

(continued...)

[*2] (notice of determination) sustaining a notice of federal tax lien (NFTL) that the Internal Revenue Service (IRS) filed to secure petitioner's unpaid Federal income tax liabilities for 2006, 2007, and 2008.

After concessions made by respondent at trial,[2] the issues for decision are whether: (1) petitioner may challenge his underlying tax liabilities consisting of the income tax and a section 6662(a) penalty respondent assessed for each year in issue, (2) petitioner owes any of the underlying tax liabilities (if he may challenge them before this Court), and (3) the IRS Office of Appeals (IRS Appeals) abused its discretion in sustaining the NFTL filing. For the reasons discussed below we conclude that petitioner may not challenge his underlying tax liabilities for the

---

[1](...continued)
references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent conceded several items at trial and in his posttrial briefs related to petitioner's underlying tax liabilities for the years in issue. He conceded these items because petitioner substantiated them before trial. Respondent limited these concessions, however, on the basis of whether we would permit petitioner to challenge his underlying tax liabilities. We observed previously in Montgomery v. Commissioner, 122 T.C. 1, 10 (2004), that "the substantive and procedural protections contained in sections 6320 and 6330 reflect congressional intent that the Commissioner should collect the correct amount of tax". (Emphasis added.) Accordingly, we expect that respondent's collection efforts will reflect his concessions for items petitioner substantiated before trial regardless of whether we permit petitioner to challenge his underlying tax liabilities.

[*3] years in issue and IRS Appeals did not abuse its discretion in sustaining the NFTL filing.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts are incorporated in our findings by this reference. Petitioner resided in California when he timely filed his petition.

Petitioner untimely filed Forms 1040, U.S. Individual Income Tax Return, for 2006, 2007, and 2008 on June 8, 2009, and February 16[3] and February 14, 2010, respectively. For each return petitioner listed the same home address in Fremont, California (Fremont address).

On October 3, 2014, the IRS sent, by certified mail, a notice of deficiency for the years in issue to petitioner at his Fremont address. The notice included section 6662(a) accuracy-related penalties.[4] An IRS certified mail list bears a U.S. Postal Service (USPS) stamp dated October 3, 2014, and the envelope addressed

---

[3] On July 29, 2009, the IRS prepared a substitute for return for petitioner's 2007 tax year.

[4] The record includes a Revenue Agent Report dated July 17, 2013, and a Civil Penalty Approval Form that lists sec. 6662(a) penalties for the years in issue and bears the group manager's signature dated July 17, 2013.

**[*4]** to petitioner's Fremont address was stamped by the USPS to show that the item was unclaimed and the USPS was unable to forward it.

Petitioner did not petition the Court within 90 days of the mailing of the notice of deficiency.[5] On May 18, 2015, respondent assessed the deficiencies and penalties, along with statutory interest. Respondent filed the NFTL on August 25, 2016, and mailed to petitioner, at his Fremont address, a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 on September 6, 2016.

Respondent timely received from petitioner a Form 12153, Request for a Collection Due Process or Equivalent Hearing, on September 16, 2016. Petitioner checked the box labeled lien "Withdrawal" as the reason he disagreed with the filing of the NFTL and added the following explanation: "I do not owe tax. Please find explanation below & extra page." He also checked the box labeled "Other" and added that "[a]fter the audit for 2006, 2007 & 2008 Personal Income return, I was advised to submit additional Amendments, which would provide additional proof that I do not owe tax. I'm in the process & request for additional

---

[5] On February 9, 2015, the IRS sent, by certified mail, a notice of deficiency for tax years 2009 and 2010 to petitioner and his wife at his Fremont address. They received that notice and timely filed a petition in this Court on May 7, 2015, challenging respondent's determinations in the notice, which was assigned docket No. 11908-15. On April 6, 2017, the Court entered a stipulated decision that reflected the parties' agreement that petitioner was not liable for any deficiency or penalty for 2009 or 2010.

[*5] time to complete & gather evidence".[6]  In an attachment petitioner stated that he was seeking guidance on the amendments and the lien and gathering supporting documents for tax years 2009 and 2010.  On October 27, 2016, petitioner submitted Forms 1040X, Amended U.S. Individual Income Tax Return, for 2007 and 2008 (initial amended returns) to the IRS office in Fresno, California (IRS Fresno office).

IRS Appeals Settlement Officer Natalie Krueger (SO Krueger) was assigned the case and reviewed computerized case transcripts on January 3, 2017.[7]  She sent petitioner a letter dated January 3, 2017, scheduling a telephone hearing on February 1, 2017, and requesting any "additional information * * * [petitioner] wish[ed] to be considered regarding * * * [his] request for a lien withdrawal."  She gave petitioner a deadline of January 30, 2017, to provide the additional

---

[6] The IRS case history includes a note dated September 9, 2016, indicating that petitioner's spouse and representative holding his power of attorney, Phuong L. Tran, wanted to know why a lien was filed when petitioner was given one year to file amended returns.  She was advised that it had been over a year since the audit.

[7] The computerized transcripts SO Krueger reviewed included a TXMODA transcript, which contains current account information from the IRS master file. TXMODA is the command that IRS employees enter into the integrated data retrieval system (IDRS) to obtain a transcript.  See Crow v. Commissioner, T.C. Memo. 2002-149, 2002 WL 1298743, at *4 n.6.  IDRS is essentially the interface between IRS employees and its various computer systems.  Id.

[*6] information and informed him that additional time to provide information would not be granted after the hearing was held. SO Krueger included a copy of Publication 3598, What Should You Know About the Audit Reconsideration Process, with the letter. She did not receive any additional information from petitioner by the deadline or before the hearing.

SO Krueger called petitioner on February 1, 2017, for the hearing. During the hearing petitioner informed her that he had filed the initial amended returns, and he requested additional time to file additional amended returns for audit reconsideration. SO Krueger responded that she did not have access to the initial amended returns he had submitted in October and could not consider them because petitioner did not provide them to her.[8] She further responded that she had afforded him ample time to provide her with additional information to consider. SO Krueger indicated to petitioner that her determination was to sustain the NFTL filing because it was the least intrusive collection method and none of the conditions for withdrawal pursuant to section 6323(j) existed, and she advised him

---

[8] The TXMODA transcripts for 2007 and 2008 both show transaction codes "971-CD>010" and "971-CD>013". The former indicates that an "[a]mended return/claim [was] forwarded to Accounts Management", while the latter indicates that an "[a]mended return/claim [was] forwarded to Examination". See IRS Document 6209, ADP and IDRS Information, 8C-37 (2017). The transcript does not contain transaction code "971-CD>012", which would indicate that an "[a]mended return/claim [was] forwarded to Collection". See id.

**[*7]** to submit the additional amended returns and additional information to the Examination Division for audit reconsideration as soon as possible. Petitioner did not provide SO Krueger any additional information after the hearing.

On February 16, 2017, respondent issued the notice of determination to petitioner at his Fremont address. Petitioner timely petitioned the Court on March 20, 2017, to challenge the notice of determination. He then submitted to the IRS Fresno office a second Form 1040X for 2007 on April 2, 2017, and a Form 1040X for 2008 and a second Form 1040X for 2006 on April 7, 2017 (collectively, additional amended returns). After petitioning the Court, petitioner filed amended petitions, including one the week before trial.

OPINION

I. Standard of Review

If underlying tax liabilities are properly at issue, the Court reviews any determination regarding those liabilities de novo; the Court reviews all other administrative matters for abuse of discretion. Davis v. Commissioner, 115 T.C. 35, 39 (2000); Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). The phrase "underlying tax liabilities" includes the tax deficiency, any penalties and additions to tax, and statutory interest. Katz v. Commissioner, 115 T.C. 329, 338-341 (2000). Abuse

**[\*8]** of discretion exists when a determination is "arbitrary, capricious, or without sound basis in fact or law." Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); see also Keller v. Commissioner, 568 F.3d 710, 716 (9th Cir. 2009), aff'g in part T.C. Memo. 2006-166, and aff'g in part, vacating in part decisions in related cases.

In Keller v. Commissioner, 568 F.3d at 718, the Court of Appeals for the Ninth Circuit, to which this case is appealable under section 7482(b)(1)(A), held that review of an administrative determination is limited to the administrative record. See also Golsen v. Commissioner, 54 T.C. 742, 757 (1970) (holding that we generally "follow a Court of Appeals decision which is squarely in point where appeal from our decision lies to the Court of Appeals and to that court alone"), aff'd, 445 F.2d 985 (10th Cir. 1971). For these purposes the administrative record includes not only material that the settlement officer reviewed but also material that was available for review. Emery Celli Cuti Brinckerhoff & Abady, P.C. v. Commissioner, T.C. Memo. 2018-55, at \*21 (citing Thompson v. DOL, 885 F.2d 551, 553-556 (9th Cir. 1989); West v. Commissioner, T.C. Memo. 2010-250, 2010 WL 4780323, at \*4 n.11).

Under a de novo standard of review, we may go beyond the administrative record to consider all of the relevant evidence introduced at trial. See Jordan v.

[*9] Commissioner, 134 T.C. 1, 9 (2010) ("[B]ecause section 6330 requires a de novo standard of review when the underlying liability is properly in issue, the administrative record rule is not applicable to such a case." (citing 5 U.S.C. sec. 554(a)(1) (2006))), supplemented by T.C. Memo. 2011-243.

We proceeded with trial here to decide whether petitioner was entitled to challenge his underlying tax liabilities at the administrative hearing because he claimed that he did not receive the notice of deficiency. To evaluate this claim we had to consider information outside the administrative record, namely his testimony. Because we conclude that he did not receive the notice of deficiency, see infra Part II.A, we then reviewed the administrative record to decide whether he properly raised his underlying liabilities with the settlement officer. We conclude, as explained infra Part II.B, that he did not. We then reviewed the administrative record to decide whether SO Krueger abused her discretion in sustaining the proposed collection action. We conclude infra Part III that she did not.

II. Challenge to Underlying Tax Liabilities

   A. Receipt of Notice of Deficiency

A taxpayer may raise challenges to his underlying tax liabilities at an administrative hearing if he did not receive any statutory notice of deficiency or

[*10] otherwise have an opportunity to dispute his tax liabilities. Sec. 6330(c)(2)(B). If a notice of deficiency is properly mailed to the taxpayer at his last known address, the notice may be valid even if the taxpayer did not receive it. See, e.g., United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984). So as part of the settlement officer's determination, she must verify that a valid notice of deficiency was issued to the taxpayer at his last known address. Sec. 6330(c)(1); Jordan v. Commissioner, 134 T.C. at 12; Hoyle v. Commissioner, 131 T.C. 197, 200 (2008), supplemented by 136 T.C. 463 (2011). Even if the notice was properly mailed, the taxpayer may be able to challenge the underlying tax liabilities if he can establish that no notice was received. Hoyle v. Commissioner, 131 T.C. at 199; Sego v. Commissioner, 114 T.C. at 609; Snodgrass v. Commissioner, T.C. Memo. 2016-235, at *14-*15; cf. Lander v. Commissioner, 154 T.C. __, __ (slip op. at 28-33) (Mar. 12, 2020) (holding that a taxpayer who did not receive a notice of deficiency could not challenge his underlying tax liabilities before this Court when he had a prior opportunity to do so in an administrative hearing with IRS Appeals).

Petitioner does not dispute that the notice of deficiency was addressed to his Fremont address or that this address was used for other IRS notices that he did receive. Petitioner admitted that he had no explanation for his nonreceipt of the

[*11] notice other than his speculation that the USPS notice of attempted delivery of certified letter was misdirected. But he credibly testified that he did not receive the USPS notice of attempted delivery of certified letter, and he has a record of responding to notices that he did receive. We therefore will not treat him as having received the notice of deficiency for the years in issue. See, e.g., Smith v. Commissioner, T.C. Memo. 2008-229, 2008 WL 4500300, at *3 (allowing a taxpayer to raise his underlying tax liabilities where "nonreceipt of the notice of deficiency is not due to * * * [his] deliberate refusal of delivery or similar misconduct"); see also Mason v. Commissioner, 132 T.C. 301, 318-319 (2009) (holding that a taxpayer did not deliberately avoid delivery of a notice of deficiency when she had received and took appropriate action in response to the Commissioner's other mailed notices and documents); Tatum v. Commissioner, T.C. Memo. 2003-115, 2003 WL 1918914, at *3-*4 (holding that the taxpayers did not deliberately avoid delivery of a notice of deficiency when they credibly testified that they did not receive the USPS notice of attempted delivery of certified letter).

B. Administrative Hearing

We now must decide whether petitioner properly raised his underlying tax liabilities at the administrative hearing. We consider a taxpayer's challenge to his

[*12] underlying tax liabilities in a collection action case only if he properly raised the liabilities at an administrative hearing. Giamelli v. Commissioner, 129 T.C. 107, 114-116 (2007); see sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs. An issue is not properly raised at the administrative hearing if the taxpayer fails to request consideration of the issue or if he requests consideration but fails to present any evidence after being given a reasonable opportunity to do so. See Thompson v. Commissioner, 140 T.C. 173, 178 (2013) ("A taxpayer is precluded from disputing the underlying liability if it was not properly raised in the CDP hearing."); Giamelli v. Commissioner, 129 T.C. at 113-114; sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; see also Millen v. Commissioner, T.C. Memo. 2019-60, at *11-*12 (holding that the taxpayers did not properly challenge their underlying tax liabilities when they failed to submit amended tax returns during a CDP hearing stating what they believed their tax liabilities to be), aff'd, No. 19-1646, 2019 WL 6753051 (6th Cir. Nov. 19, 2019); McRae v. Commissioner, T.C. Memo. 2015-132, at *8-*9 (holding that the taxpayer failed explicitly to contest his underlying tax liabilities during the administrative hearing and failed to provide any evidence concerning his liabilities); Zook v. Commissioner, T.C. Memo. 2013-128, at *6-*7 (holding that the taxpayer failed to properly raise her

[*13] underlying tax liabilities when she failed to provide any documentation of the underlying tax liabilities).

Petitioner failed to provide SO Krueger with any documentation to contest his underlying tax liabilities. While he pointed to his original amended returns, which he assumed that SO Krueger had, he also acknowledged that he told SO Krueger at the hearing that he needed additional time to file additional amended returns for audit reconsideration.[9] On his Form 12153 and attachment, which respondent received on September 14, 2016, he requested "additional time to complete & gather evidence." He failed to provide to SO Krueger any evidence supporting his position in response to her January 3, 2017, letter. Her deadline gave him until January 30, 2017, which was more than four months after he had submitted his Form 12153, and three months after he had submitted his initial amended returns to the IRS Fresno office. Petitioner promised additional evidence but never provided it.

---

[9] We note that a "grant of audit reconsideration is discretionary and any audit is conducted outside the CDP process". Durda v. Commissioner, T.C. Memo. 2017-89, at *8 n.3. An IRS Appeals officer does not "abuse his discretion by declining to delay his determinations to await the uncertain outcome of * * * [a taxpayer's] eleventh-hour request for audit reconsideration". Jones v. Commissioner, T.C. Memo. 2007-142, 2007 WL 1610132, at *2.

**[\*14]** Moreover, amended returns by themselves are not evidence supporting a claim; they are "merely a statement of the * * * claim". <u>Roberts v. Commissioner</u>, 62 T.C. 834, 837 (1974). Even were we to determine that SO Krueger erred in not considering the initial amended returns as evidence, we would not find that she abused her discretion in sustaining the NFTL filing. Petitioner told her at the hearing that he intended to file additional amended returns for audit reconsideration. Thus, the initial amended returns were no longer current statements of petitioner's claims. He failed to explain why SO Krueger should have reviewed the amended returns rather than wait for the current information he promised to provide her but never did. <u>See</u> <u>Berglund v. Commissioner</u>, T.C. Memo. 2015-239, at \*16 (citing <u>Nestor v. Commissioner</u>, 118 T.C. 162, 167 (2002)). Under these circumstances we conclude that petitioner did not properly raise his underlying tax liabilities before SO Krueger. Therefore, he is not entitled to contest them now. <u>See</u> <u>LG Kendrick, LLC v. Commissioner</u>, 146 T.C. 17, 39 (2016), <u>aff'd</u>, 684 F. App'x 744 (10th Cir. 2017); <u>Pough v. Commissioner</u>, 135 T.C. 344, 349 (2010).

Because petitioner's underlying tax liabilities are not properly before us, we review SO Krueger's determination for abuse of discretion only. <u>See</u> <u>Goza v. Commissioner</u>, 114 T.C. at 182.

[*15] III.  Abuse of Discretion

Section 6321 imposes a lien in favor of the United States on all property and property rights of a taxpayer liable for tax after a demand for the payment of the tax has been made and the taxpayer fails to pay.  The lien arises when the assessment is made.  See sec. 6322.  The IRS files an NFTL to preserve priority and put other creditors on notice.  See sec. 6323.  Section 6320(a) requires the Secretary to send written notice to the taxpayer of the filing of the NFTL and of the taxpayer's right to request an administrative collection due process hearing on the matter.

The settlement officer conducting a collection due process hearing must verify that the requirements of applicable law and administrative procedure were met.  Secs. 6320(c), 6330(c)(1).[10]  Section 6320(c) does not mandate that the

---

[10] Sec. 6751(b)(1) applies to the sec. 6662(a) penalties in issue and requires the initial determination of those penalties to be "personally approved (in writing) by the immediate supervisor of the individual making such determination."  See Graev v. Commissioner, 149 T.C. 485, 492-493 (2017), supplementing and overruling in part 147 T.C. 460 (2016); see also Belair Woods, LLC v. Commissioner, 154 T.C. __, __ (slip op. at 23) (Jan. 6, 2020) (holding that the initial determination of the penalty assessment was embodied in the letter "by which the IRS formally notified * * * [the taxpayer] that the Examination Division had completed its work and * * * had made a definite decision to assert penalties"); Clay v. Commissioner, 152 T.C. 223, 248 (2019).

In a collection case, "[w]here the supervisory approval requirement of section 6751(b)(1) applies, the Appeals officer should obtain verification that such

(continued...)

[*16] settlement officer "rely upon a particular document (e.g., the summary record itself rather than transcripts of account) in order to satisfy this verification requirement." See Craig v. Commissioner, 119 T.C. 252, 262 (2002); see also Berglund v. Commissioner, at *13. She can rely on computerized transcripts to satisfy the verification requirement, but "only if the taxpayer has not shown some irregularity in the assessment procedures" that would raise questions about the validity of the assessments or the information contained in the transcripts. See Berglund v. Commissioner, at *14; see also Kubon v. Commissioner, T.C. Memo. 2011-41, 2011 WL 597990, at *4, aff'd, 479 F. App'x 759 (9th Cir. 2012).

The settlement officer also must consider the issues raised by the taxpayer and whether the proposed collection action balances the Government's need for

---

[10](...continued)
approval was obtained". ATL & Sons Holdings, Inc. v. Commissioner, 152 T.C. 138, 144 (2019). It is unclear whether SO Krueger verified that respondent complied with this requirement. Regardless, petitioner did not allege in his petition or in his posttrial briefs that SO Krueger failed to verify that respondent complied with sec. 6751(b)(1). That issue therefore is deemed conceded. See Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); Lloyd v. Commissioner, T.C. Memo. 2017-60, at *7 n.3.
Furthermore, even if petitioner had alleged that SO Krueger failed to verify compliance with sec. 6751(b)(1), her error would be harmless as the record includes the initial determination and the Civil Penalty Approval Form showing that respondent complied with the requirement. See Clay v. Commissioner, 152 T.C. at 248-250; Nestor v. Commissioner, 118 T.C. 162, 173 (2002) (holding that "the reviewing court shall disregard procedural errors unless the complaining party was prejudiced thereby").

[*17] the efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. Sec. 6330(c)(3); Sego v. Commissioner, 114 T.C. at 609. The taxpayer bears the burden of proving these items. See Sego v. Commissioner, 114 T.C. at 610; Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

We turn first to petitioner's request for lien withdrawal. Because lien withdrawal is a collection alternative, see sec. 301.6320-1(e)(3), Q&A-E6, Proced. & Admin. Regs., a taxpayer is required to provide the settlement officer with relevant information for her to consider in determining whether the lien should be withdrawn, see Roudakov v. Commissioner, T.C. Memo. 2017-121, at *11-*12. A taxpayer's failure to present the settlement officer with "any evidence regarding * * * [his] entitlement to the withdrawal of the NFTL" means he did not properly raise that issue at the administrative hearing. LG Kendrick, LLC v. Commissioner, 146 T.C. at 39. Petitioner failed to present any evidence to SO Krueger to support his request for lien withdrawal. It therefore was not an abuse of discretion for SO Krueger to reject his request.

We next turn to SO Krueger's decision to sustain the NFTL filing. Our review of the record establishes that she properly discharged all of her responsibilities under section 6320(c). Petitioner argued at trial and in his posttrial

[*18] briefs that SO Krueger did not act reasonably and failed to consider all the issues he raised because she did not review the initial amended returns, but he did not provide her with a copy of the returns or any other evidence related to his underlying tax liabilities or withdrawal of the NFTL. A settlement officer is not required to give a taxpayer additional time to submit documents or additional amended returns when adequate time had been provided before the hearing. See Glossop v. Commissioner, T.C. Memo. 2013-208, at *17. Accordingly, SO Krueger acted reasonably and did not abuse her discretion when she sustained the NFTL filing.

## IV. Conclusion

We hold that petitioner is not entitled to challenge his underlying tax liabilities and that SO Krueger did not abuse her discretion in sustaining the NFTL filing. Any contentions we have not addressed we deem irrelevant, moot, or meritless.

To reflect the foregoing,

An appropriate order and decision will be entered.